IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JEREMY BENJAMIN GIESKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 04-1339-T/An |
| | ) | |
| GLEN TURNER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ASSESSING FILING FEE
ORDER OF DISMISSAL
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

Plaintiff Jeremy Benjamin Gieske, prison registration number 339800, an inmate at the Hardeman County Correctional Facility (HCCF), in Whiteville, Tennessee, filed this complaint under 42 U.S.C. § 1983. The Clerk of Court shall record the defendants as Glen Turner, Fredrick Cole, and Quinton White.

I.   Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay the full filing fee of $150 required by 28 U.S.C. § 1914(a). The in forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on 6/30/05

3

In this case, plaintiff has properly completed and submitted both an in forma pauperis affidavit and a prison trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $150.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the

account since the last payment under this order, and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 262 Federal Building, 111 S. Highland, Jackson, TN 38301

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

II.    Analysis of Plaintiff's Claims

Plaintiff Gieske sues HCCF Warden Glen Turner, Dr. Fredrick Cole, and Tennessee Department of Correction Commissioner Quinton White. Gieske alleges that he sustained injuries in an automobile accident prior to his incarceration. Gieske was formerly incarcerated

at the South Central Correctional Facility (SCCF) where a doctor prescribed medication for heartburn and stomach pain. Plaintiff was transferred to HCCF at an unspecified time. He alleges that he has signed up for sick call numerous times since September 27, 2004, however, he has not been able to see defendant Dr. Cole. Gieske alleges that he is in severe pain and has been denied medical treatment and medication.

Gieske states that he filed a grievance and several written complaints but has been unable to resolve the problem and the doctor will not see him. In the body of the complaint, Geiske alleges that he has filed "numerous grievances, written a formal letter of complaint to Warden Glenn Turner and Mrs. Saxton which is [sic] over the Medical department at the HCCF, and to the Commissioner's Office. . . . As well as having plaintiff's family call the Commissioner's office and the HCCF to resolve this matter. Gieske did not attach copies of any grievance.

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a federal court to dismiss without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998); Lavista v. Beeler, 195 F.3d 254 (6th Cir. 1999) (exhaustion requirement applies to claim alleging denial of medical care). This requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000).

In order to comply with the mandates of 42 U.S.C. § 1997e(a),

> a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

Knuckles El, 215 F.3d at 642; see also Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002)(prisoner who fails to adequately allege exhaustion may not amend his complaint to avoid a sua sponte dismissal); Curry v. Scott, 249 F.3d 493, 503-04 (6th Cir. 2001)(no abuse of discretion for district court to dismiss for failure to exhaust when plaintiffs did not submit documents showing complete exhaustion of their claims or otherwise demonstrate exhaustion). Furthermore, § 1997(e) requires the prisoner to exhaust his administrative remedies prior to filing suit and, therefore, he cannot exhaust these remedies during the pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999).

This complaint is fully within the scope of § 1997e. Plaintiff's allegations are insufficient to demonstrate that he has properly exhausted his administrative remedies on his claim that he has been denied medical treatment. Furthermore, plaintiff's allegations are insufficient to demonstrate that he filed any grievance for any action or inaction of defendants Turner and White. Plaintiff's allegations are clearly insufficient to satisfy the exhaustion requirements of § 1997e(e).[1]

The Sixth Circuit has held that "[a] plaintiff who fails to allege exhaustion of administrative remedies through 'particularized averments' does not state a claim on which

---

[1] An inmate can exhaust administrative remedies in two ways. He might file the grievance and then appeal it through all administrative levels made available by the particular institution or government agency. Alternatively, he might attempt in good faith to follow the procedure and demonstrate that the institution or agency has completely frustrated the procedure and rendered further exhaustion efforts futile.

relief may be granted, and his complaint must be dismissed sua sponte." Baxter, 305 F.3d at 489. As plaintiff has not exhausted his administrative remedies, the Court dismisses this complaint under 42 U.S.C. § 1997e(a).

III. Appeal Issues

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962).

Under Brown v. Toombs an appellate court must dismiss a complaint if a prisoner has failed to comply with 1997e's exhaustion requirements. Accordingly, if a district court determines that a complaint must be dismissed as unexhausted, plaintiff would not yet be able to present an issue in good faith on appeal because that appeal would also be subject to immediate dismissal. Thus, the same considerations that lead the Court to dismiss this case for failure to exhaust administrative remedies compel the conclusion that an appeal would be subject to immediate dismissal.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith, and plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case. The United States Court of Appeals for the Sixth Circuit has held that

a certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997). McGore sets out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(b).

IT IS SO ORDERED this 30th day of June, 2005.

James D. Todd
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 1:04-CV-01339 was distributed by fax, mail, or direct printing on June 30, 2005 to the parties listed.

---

Jeremy Benjamin Gieske
HARDEMAN COUNTY CORRECTIONAL FACILITY
339800
Whiteville, TN 38075

Honorable James Todd
US DISTRICT COURT